AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Landon Kenneth Copeland | ) Case No. 21-cr-507 (APM) | |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❏ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
❏ Subject to lengthy period of incarceration if convicted
❏ Prior criminal history
❏ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

See Attachment.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 09/16/2021

2021.09.16 18:48:10 -04'00'

United States Magistrate Judge

*United States v. Copeland*, 21-cr-507 (APM)

**ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III.C**

**Consideration of Defendant's Evidence and Arguments for Release and
18 U.S.C. § 3142(g) Factors**

(1) The Nature and Circumstances of the Offense:

The nature and circumstances of the offense weigh in favor of detention. When making this assessment, the Court finds the six factors identified in *United States v. Chrestman* particularly informative. *See* Case No. 21-mj-218 (ZMF), 2021 WL 765662 (D.D.C. Feb. 26, 2021). Specifically, when determining whether the nature and circumstances of an offense weigh in favor of pretrial detention, the Court can consider whether the defendant is charged with a felony verses a misdemeanor offense; whether there is evidence of prior planning; whether the defendant carried or used a dangerous weapon; whether there is evidence that the defendant coordinated with others before, during, or after the riot; whether the defendant assumed a formal or *de facto* leadership role in the assault; and defendant's words and movements during the riot. *See id.* at *8–9.

At the time of the detention hearing, Mr. Copeland was charged with a violent felony, the most significant consequence from which could result in a sentence of up to eight years in prison.[1] *See* Complaint ("Compl."), ECF No. 1. Although Mr. Copeland had to engage in some planning to travel to Washington, D.C. to attend the January 6, 2021 assault on the United States' Capitol, he is not accused of being part of a group that had a coordinated plan to storm the Capitol. *See* Compl. He also is not accused of carrying or using a weapon and does not appear

---

[1] Since the detention hearing, however, Mr. Copeland has been charged by indictment with several felonies, the most significant consequence from one of which could now result in a sentence of up to 20 years in prison. *See* ECF No. 16.

Page **1** of **6**

to have had a leadership role in the riot. *See id.* However, Mr. Copeland's words and movements during the assault include a struggle with law enforcement officers, which involved grappling and pushing. *See* Government's Memorandum in Support of Pretrial Detention ("Pretrial Detention Mem."), ECF No. 11 at 2–3. On one occasion, Mr. Copeland is accused of pushing another individual in the crowd, who then made contact with an officer, and led that officer to fall to the ground and become injured. *See id.*

Overall, although several of the *Chrestman* factors are not present here, the Court finds that the nature and circumstances of the offense for which Mr. Copeland is being charged weigh in favor of pretrial detention.

(2) <u>The Weight of the Evidence Against the Person</u>:

The evidence against Mr. Copeland is strong and heavily favors detention. As proffered by the United States, this evidence includes multiple video clips, including body warn camera footage and photos of Mr. Copeland from the assault on the Capitol. In addition, the evidence includes Mr. Copeland's own comments to the media after the incident that acknowledge Mr. Copeland's presence and some of his actions at the Capitol that day. *See* Pretrial Detention Mem. at 8–10.

(3) <u>The History and Characteristics of the Person</u>:

Mr. Copeland's history and characteristics weigh in favor of detention. Although Mr. Copeland has been detained pending his detention hearing, he is employed, his employment remains open and available to him upon release, and his employer is strongly interested in having him return to work and would support him should he be released. If released, Mr. Copeland

would also have a stable residence available to him in his employer's home. He also has strong community support in the sense that his employer is a member of the community and supports him, and he has family ties, especially with a serious girlfriend with whom he has recently had a child. Although Mr. Copeland has some criminal history, this prior criminal history does not include violent felonies or assaults. In addition, although Mr. Copeland has made statements to the media that have suggested a lack of remorse for the alleged conduct he is accused of on January 6, 2021 and subsequently on May 6, 2021—as discussed in more detail below—he has indicated through counsel that he did not intend to threaten or harm anyone with his conduct and he does not intend to threaten or harm anyone in the future. *See* Pretrial Detention Mem. at 8–11.

If the Court were to look only at these aspects of Mr. Copeland's history and characteristics, it would find that they do not favor pretrial detention. However, when evaluating Mr. Copeland's history and characteristics, the Court must also look to his conduct on May 6, 2021. As the United States described in its Memorandum for Pretrial Detention, through proffer, and through the witness testimony from pretrial services officer Devin Dalton ("Mr. Dalton"), the relevant events from May 6, 2021 are as follows.

On May 6, 2021, Mr. Copeland appeared by video for his initial appearance in this Court. While waiting for his case to be called, Mr. Copeland was disruptive of other Court proceedings taking place that day. *See* Pretrial Detention Mem. at 4–6. Indeed, by the time his case was called, Mr. Copeland's agitation had escalated to the point where the Court questioned his competency to proceed and continued the hearing. *See id.*; May 6, 2021 Min. Order; Order, ECF No. 7 (directing Mr. Copeland to be examined by a psychologist for a preliminary assessment of his competency). Meanwhile, as Mr. Copeland waited for his case to be called, it is alleged that

Mr. Copeland called his pretrial services officer, Mr. Dalton, in Utah to announce that he was coming to the pretrial services office to demand that the Court listen to him. *See* Pretrial Detention Mem. at 7. By Mr. Copeland's words and tone, Mr. Dalton, and other pretrial service officers, feared for their safety and prepared for Mr. Copeland's arrival by donning their body armor and locking the door between their offices and the public waiting area of the pretrial services office. Once Mr. Copeland arrived at the pretrial services office, Mr. Copeland's conduct escalated; at one point, Mr. Copeland pressed his head against the bullet-proof glass dividing the public waiting room from the back offices and stated that if he, Mr. Copeland, were on the other side of the glass, he would eat Mr. Dolton from the inside out because he was starving. *See id.* Eventually, Mr. Copeland's presence at the pretrial service office was deemed unsafe and he was asked to leave. *See id.*

Mr. Copeland's disruption and agitation during his Court appearance on May 6, 2021 and his conduct at the pretrial services office that same day is undoubtably a concern for the Court and is particularly important to the assessment of Mr. Copeland's nature and characteristics given that the pretrial services officers, who would be supervising Mr. Copeland if he were released, felt threatened by Mr. Copeland's conduct and statements that day.

On balance, therefore, the Court finds that this factor favors pretrial detention. The Court notes, however, that the other aspects of Mr. Copeland's history and characteristics otherwise favor his release.

(4) <u>The Nature and Seriousness of The Danger to Any Person on The Community That Would Be Posed By The Person's Release:</u>

The nature and seriousness of the danger to the community posed by Mr. Copeland's release weighs strongly in favor of Mr. Copeland's detention. When considering this final factor, the Court must assess the risk of whether, if released, a defendant would engage in violent or threatening conduct on any person or the community. If the Court were to consider Mr. Copeland's conduct on January 6, 2021 and his lack of violent criminal history, alone, the Court might be inclined to find that Mr. Copeland poses a risk to the safety of the community but that the risk would be manageable through the issuance of stringent release conditions. However, Mr. Copeland's own conduct during the short time when he was on pretrial release demonstrates that he presents a substantial danger to the community. Mr. Copeland's behavior on May 6, 2021, in particular, inspired fear in the pretrial services office. For example, the statements that Mr. Copeland made before he arrived at the pretrial services office led officers to feel sufficiently concerned for their safety that they donned their body armor in anticipation of his arrival. *See* Pretrial Detention Mem. at 7. Then, after Mr. Copeland arrived at the pretrial services office, his conduct further escalated to the point where officers believed that it was unsafe for him to remain on the premises. *See id.* In addition, after Mr. Copeland left the pretrial services office, the pretrial services officers immediately reached out to the court and to the FBI to obtain an arrest warrant in light of their concerns about the danger that that Mr. Copeland presented to the community. *See id.* For these reasons, the Court finds that this factor, ultimately weighs in favors pretrial detention on dangerous grounds.

As a final matter, however, the Court must also consider whether stringent release conditions, like those proposed by the defense in this case, would be adequate to mitigate those risks that it finds that Mr. Copeland presents to the danger to the community. For example, the defense has recommended that Mr. Copeland be released to home confinement and GPS

monitoring.  In addition, the Court recognizes that the defense has argued that the events of May 6, 2021 are isolated incidents.  The defense also argues that Mr. Copeland's conduct since May 6, 2021 has been very different, that to their knowledge he has not had any incidents in prison that would suggest he is dangerous, and that four months have now passed since May 6, 2021.  Nonetheless, the Court believes that mental health or substance use may have played a role in the May 6, 2021 incidents and that a significant risk exists that similar conduct would occur if Mr. Copeland were on his own and not under the strict supervision and restrictions set by the detention facility where he has been detained.  Therefore, the Court does not believe that stringent release conditions, including those proposed by the defense in this case, would adequately assure the safety of the community were Mr. Copeland released.

In sum, after weighing all these factors, the Court finds that the United States has proven by clear and convincing evidence that Mr. Copeland should be held without bond pending trial pursuant to the Bail Reform Act.  *See* 18 U.S.C. § 3142(g).